Battle, J.
 

 This is a petition filed in the County Court of Nutherford, for the purpose of having letters of administration
 
 awm testamento
 
 annexo, on the estate of Martha Ilaye, which had been previously granted to the defendant by that
 
 *405
 
 Court, revoked, and, thereupon, that the executors named in the will, or some of them, should qualify thereto, or in the event of their renunciation, that letters of administration should be granted to the petitioners or to some discreet person. Among the allegations, upon which the petition is sought to be sustained, is the main one, that when the letters of administration were granted to the defendant, the executors had not legally renounced their right to the office conferred upon them by the will, and that, therefore, the grant was improvidently made, and ought to be revoked. In the petition, the feme petitioner is alleged to be “the only hoir-atlaw” of the testatrix, and on that ground, the light of administration is claimed for her.
 

 The answer of the defendant alleges, that the renunciation of the persons named as executors, was properly made and entered of record by the Court, before the letters of administration were granted to him, and he insists that his letters, even if they were erroneously granted, cannot be revoked, except in a proceeding by the executors themselves for the purpose, or at least, in one to which they shall be made parties.
 

 We are clearly of opinion that this objection is fatal to the ' petition.
 

 Assuming that by the terms, “ the only-heir-at-law,” .the feme petitioner meant to allege that she was the only next of kin of the testatrix, that does not give her any right to the administration
 
 cum testamento annexo.
 
 The right of any person to the grant of administration upon the estate of a decedent, depends upon the statute on that subject, which applies only to the cases of persons dying intestate. Whenever the deceased has left a will, the courts of ordinary have a discretionary power, in the event of there being no executor named in the will, or if thdse nominated die, or refuse to qualify, to appoint any proper person to administer with the will annexed. In the exercise of this discretion, they usually appoint the residuary legatee, or some other person interested in the estate, their object being thus to secure, on behalf of a faith
 
 *406
 
 ful administration of the office, the interest of the appointee. In the present case, the feme petitioner does- not appear to have even this recommendation of interest in her favor, for it is not stated, in the petition, that she took anything whatever under the will of the testatrix. The petitioners are, therefore, to be regarded as strangers, intermeddling in matters in which they have no concern, and, as such, they cannot bo permitted to interpose in behalf of the executors, by a proceeding to which the latter are not parties, and in which they cannot be heard.
 

 The judgment of the Superior Court must be reversed, and the petition dismissed with costs.
 

 Per Curiam,
 

 Judgment reversed.